IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA LOPER, | ) | Case No. 1:16CV1384 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CLEVELAND METROPOLITAN SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## I.      Introduction

Latasha Loper's son, C.D. is a student in the Cleveland Metropolitan School District.  He was first enrolled in the Cleveland Schools in December 2014.  Since then, Ms. Loper has filed several requests for due process hearings because she has been concerned with how her son's education was being handled.  In this instance, Ms. Loper's complaint was that her son was not receiving a free and appropriate public education ("FAPE") as required by law.  Specifically, she complains that the Cleveland Schools failed to timely evaluate C.D., failed to implement his individualized educational program ("IEP") and failed to properly identify him on the report of the "evaluation team."  ("ETR")   A state hearing officer heard Ms. Loper's complaint in December 2015, but decided in favor of the Cleveland Schools.  Ms. Loper appealed that ruling to a state level review officer.  On March 7, 2016 the SLRO upheld the initial ruling and entered a decision in favor of the Cleveland Schools.  This case, presenting an appeal of the administrative rulings, followed.

Judge Christopher Boyko, to whom this case is assigned, referred the case to the undersigned for general pretrial management.  The undersigned must review any case-dispositive motions and issue a report and recommendation to Judge Boyko on each.  The undersigned appointed pro-bono counsel to represent Ms. Loper in this action.

Defendant Cleveland Metropolitan School District has moved  the case under Fed. R. Civ. P. 12(b)(6) because it was filed beyond the 90 day deadline allowed by law after the administrative decision was issued.  The undersigned recommends that the motion to dismiss be GRANTED and the action be DISMISSED.

**II.      Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides, in part, that "a party may assert the following defenses by motion:  * * * (6) failure to state a claim upon which relief can be granted."  Although a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 555, 127 S.Ct. 1955, 167 Led. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Twombly,* 550 U.S. at 555; *See also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a

complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable  inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).  The court may consider:  (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924-925 (N.D. Ohio 2009).  The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTV, Inc. ,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo.  Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

**III.     Background Information and Facts Accepted as True**

Ms. Loper requested a due process hearing on behalf of C.D. before the Ohio Department of Education ("ODE") on October 13, 2015.  In her request, numbered SE-3191-2015E, Ms. Loper asserted various grounds to support her contention that defendant had failed to provide

C.D. a free and appropriate public education ("FAPE") as required by the Individuals with

Disabilities Education Act. ("IDEA")

A due process hearing before an impartial hearing officer, Ronald E. Alexander, was held

on December 2, 2015.  Hearing Officer Alexander issued a final judgment ruling that the

Cleveland Schools had not failed to provide C.D. with a FAPE and concluding that plaintiff was

not entitled to any compensatory educational services or other damages.

On February 8, 2016, Ms. Loper filed a notice of administrative appeal with the ODE.

ODE assigned the appeal to a state level review officer ("SLRO"), Robert L. Mues.  On March 3,

2016, SLRO Mues issued a decision upholding the initial administrative ruling and concluding

that Ms. Loper had not offered any additional arguments, claims, or evidence that would warrant

any change to the initial judgment.[1]  SLRO Mues issued a *nunc pro tunc* decision on March 7,

2016 which was identical to his March 3rd decision except that it included a notice of opportunity

to appeal that was omitted from his first decision.[2]

Ms. Loper instituted this action to appeal the SLRO's March 7, 2016 *nunc pro tunc*

decision, on June 7, 2016.[3]  In this complaint (one of several), plaintiff refers to her due process

hearing request No. SE-3191-2015E[4] and the issues she raised in the state administrative

proceedings relating to that request.  This case was filed ninety-two (92) days after the SLRO's

*nunc pro tunc* decision was issued.

---

[1] ECF Doc. No. 15.
[2] ECF Doc. No. 15, p. 60.
[3] ECF Doc. No. 1, Page ID# 1.
[4] ECF Doc. No. 1, Page ID# 2.

## IV. Parties' Arguments

Defendant argues that plaintiff's complaint is time-barred under Ohio Rev. Code §

3323.05(H) and 20 U.S.C. 1415(i)(2)(A), (B).[5]  Defendant argues that the judges in this court

have consistently ruled that court appeals of SLRO decisions under these statutes must be filed

within ninety (90) days of the date of the SLRO's decision.  *See Horen v. Bd. of Educ. of City of*

*Toledo Pub. Sch. Dist.,* 2012 U.S. Dist. LEXIS 124818 (N.D. Ohio 2012); *See also, Grine v.*

*Sylvania Sch. Dist. Bd. of Educ.,* 2007-Ohio-1526, 2007 Ohio App.3d 1407 (6th Dist.).

Ms. Loper admits that SLRO Mues issued a decision on March 7, 2016 and that she filed

this case ninety-two days later, on June 7, 2016.[6]  She cites general case law holding that, in

some circumstances, courts should excuse the neglect of a party who fails to file a timely claim.[7]

She also argues that the court should toll the statute of limitations in this case on equitable

grounds and should consider flexible the time limits stated in the statutes, which would afford

plaintiff the ability to maintain her appeal in this forum.[8]

## V. Law & Analysis

Ohio Rev. Code § 3323.05(H) provides:

> Any party aggrieved by the final order of the state level officer may appeal the
> final order * * * to a district court of the United States within ninety days after the
> date of the decision of the state level review officer, as provided in section
> 615(i)(2) of the "Individuals with Disabilities Education Improvement Act of
> 2004," 20 U.S.C. § 1415(i)(2).

20 U.S.C. § 1415(i)(2)(A), (B) provides:

---

[5] ECF Doc. No. 6, Page ID# 29
[6] Plaintiff contends that SLRO Mues issued a subsequent *nunc pro tunc* order amending his March 7th decision. However, the administrative record shows that it was the *nunc pro tunc* entry that was issued on March 7th and that the initial entry was issued on March 3rd.  See ECF Doc. No. 15.
[7] ECF Doc. No. 13, Page ID# 45
[8] ECF Doc. No. 13, Page ID# 46

(A)  In general
Any party aggrieved by the findings and decision made under subsection (f) or (k)
who does not have the right to an appeal under subsection (g), and any party
aggrieved by the findings and decision made under this subsection shall have the
right to bring a civil action with respect to the complaint presented pursuant to
this section, which action may be brought in any State court competent of
jurisdiction or in a district court of the United States, without regard to the amount
in controversy.

(B)  Limitation
The party bringing the action shall have 90 days from the date of the decision of
the hearing officer to bring such an action, or, if the State has an explicit time
limitation for bringing such action under this subchapter, in such time as the State
law allows.

The undersigned is not opposed to affording flexibility in certain circumstances to

litigants, particularly *pro se* litigants, who have missed legislative deadlines.  However, this case

involves a claim that has already been heard by two different administrative hearing officers and

the very statute providing access to this court dictates that the claim must be filed within ninety-

days.

Moreover, prior case law from this court provides that the procedural deadline involved

in the applicable statute is not flexible.  In *Horen,* 2012 U.S. Dist. LEXIS 124818 at \*6, Judge

Carr held:

> There is no indication in either the authorizing statute or in any case law that the
> procedural deadline here is flexible depending on whether it caused prejudice to
> the opposing party.  It is a firm deadline that plaintiff missed, and I cannot now
> grant him a reprieve from its constraints because the appeal was merely a day late.

*Id.* citing *Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss By & Through Boss*, 144 F.3d

391, 397 (6th Cir. 1998).

Plaintiff did not file this appeal within the 90 day time limit established by 20 U.S.C. §

1415 and Ohio Rev. Code § 3323.05.  Case law provides that the deadlines imposed by these

statutes are not flexible.  For these reasons, the undersigned recommends that defendant's motion

to dismiss be GRANTED.


Dated: February 6, 2017

Thomas M. Parker
United States Magistrate Judge

_____

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

_____